UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-cv-00085

UNITED STATES OF AMERICA,

Plaintiff,

v.

NAJIB ALI THABIT AL-NAMER, a.k.a. Amir Annatar, a.k.a. Amir Abdo Nagi Annatar,

Defendant.

FILED IN OPEN COURT
ON 2/17/2016 MMB
Julie Richards Johnston, Clerk
US District Court
Eastern District of NC

## CONSENT JUDGMENT OF DENATURALIZATION

Plaintiff United States of America ("Plaintiff") and Najib Ali Thabit Al-Namer, a.k.a. Amir Annatar, a.k.a. Amir Abdo Nagi Annatar ("Al-Namer") (together, the "Parties") accept as true the allegations contained in the Complaint to Revoke Naturalization, ECF 1. Based on this agreement, the Court finds that the facts, as alleged in the Complaint have been proven. The parties consent to an Order Entering Judgment of Naturalization ("Order") that:

(i) revokes Al-Namer's citizenship;

(ii) restrains and enjoins Al-Namer from claiming any rights, privileges, benefits, or advantages under any document evidencing United States citizenship; and

(iii) orders Al-Namer to surrender the following by hand or overnight commercial courier to Sherease Pratt, undersigned counsel for the United States located in Washington, D.C., within 10 days of entry of the Order: (a) Certificate of Naturalization No. 23 969 134, and any copies thereof in Al-Namer's possession; (b) any and all United States passports issued to Al-Namer, whether valid or expired, and any copies thereof, in Al-Namer's possession; and (c) any and all other indicia of United States citizenship pertaining to Al-Namer.

Upon entry of this consent judgment, Al-Namer will execute a Stipulated Order of Removal to Yemen to be filed by the Department of Homeland Security with the Executive Office for Immigration Review, by which Al-Namer will agree to the charges presented against

him in a Notice to Appear, give up his Lawful Permanent Resident status, waive all rights to an immigration hearing, rights to apply for asylum, withholding of removal, protection under the Convention Against Torture and any other relief from removal, and voluntarily agree to his removal to Yemen, having no fear of harm if returned there, and (b) neither he, nor his heirs, attorneys, agents, representatives, or assigns, will challenge his removal from the United States to Yemen by any means, including but not limited to, a petition for a removal hearing before an immigration judge, denial of the grounds for removal charged against him, petitions for relief from removal on any basis whatsoever, appeal (whether administrative or judicial), any collateral attack, or any application for injunctive action, equitable relief, or legislative action. The government will agree to a stay of removal allowing Al-Namer to remain in the United States until September 30, 2016, and apply to receive work authorization through September 29, 2016.

Al-Namer must exit the United States by September 30, 2016. The government will not place Al-Namer in immigration detention so long as he exits the country by September 30, 2016. If Al-Namer remains in the country past that date, DHS shall place Al-Namer in immigration detention prior to his agreed removal from the United States. Al-Namer agrees to provide to the Department of Homeland Security a copy of his departure itinerary within 15 days of receipt, and no less than 30 days prior to the scheduled date of departure. Al-Namer agrees to provide notice to the Department of Homeland Security of any change of address within 5 business days and understands that he may be required to report to the Department of Homeland Security periodically or may be visited by DHS periodically during any period in which he is not detained.

Al-Namer is represented by legal counsel in this case who has explained to him his rights and responsibilities contained in this consent judgment. Al-Namer agrees to the revocation of his United States citizenship, and agrees to his removal from the United States freely, knowingly, voluntarily, without duress or compulsion of any kind from the United States or any other individual or entity, and with full knowledge of the consequences.

The Parties waive all rights to seek judicial review or otherwise contest the validity of the Order, and Al-Namer waives any right that may arise under the Equal Access to Justice Act, 28 U.S.C. § 2412. Each Party will bear its own costs and fees incurred in this action.

The Parties agree that the Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of the Order.

Dated: February 17, 2016

**FOR the United States:**

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section

COLIN A. KISOR
Deputy Director

KATHLEEN A. CONNOLLY
Trial Attorney

/s/ Sherease Pratt
SHEREASE PRATT
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 616-0063
Facsimile: (202) 616-8962
E-mail: sherease.pratt@usdoj.gov
**Attorneys for the United States**

**FOR Najib Ali Thabit Al-Namer:**

NAGIB ALI ALNAMER
NAJIB ALI THABIT AL-NAMER

~~JORGELINA E. ARANEDA~~, ESQ. W. Randall Stroud
Araneda Law Firm, PC
4600 Marriott Dr., Suite 350
Raleigh, NC 27612
Telephone: (919) 788-9225
Facsimile: (919) 788-9151
Email: jea@aranedalaw.com

SO ORDERED:

HONORABLE JAMES C. DEVER, III
CHIEF UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on February __, 2016, I electronically filed the foregoing Consent Judgment with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Sherease Pratt
SHEREASE PRATT
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 616-0063
Fax: (202) 616-7000
sherease.pratt@usdoj.gov

**Attorneys for Plaintiff**
**United States of America**

## SERVICE LIST

JORGELINA E. ARANEDA, ESQ.
Araneda Law Firm, PC
4600 Marriott Dr., Suite 350
Raleigh, NC 27612
Telephone: (919) 788-9225
Facsimile: (919) 788-9151
Email: jea@aranedalaw.com

# EXHIBIT A

## STIPULATION

I, ______________________________, make the following statements and admissions:

1. I am at least 18 years of age.

2. My date and place of birth are:_______________________________________________________.

3. I have received a copy of the Notice to Appear dated___________, which contains my full, true, and correct name. The allegations and charge(s) on the Notice to Appear have been read to me in_________________, which is a language that I fully understand.

4. I understand that I have the right to a hearing before an Immigration Judge in which the Immigration Judge would decide if I am subject to removal from the United States. If I am subject to removal, I understand that the Immigration Judge would advise me if I appear eligible to apply for relief from removal.

5. I understand that I have the right to be represented in removal proceedings by an attorney or authorized representative. I understand that I have the right to choose my own attorney or representative. I also understand that the government will not pay for my attorney or representative. I have received a list of free legal services providers published by the Executive Office for Immigration Review.

I understand the above, and I wish to proceed as follows: (Check "A" or "B")

☐ A. I do not wish to be represented in these proceedings by an attorney or authorized representative. I wish to represent myself in these proceedings.

(or) *(o)*

☐ B. I am represented in these proceedings by an attorney or other representative whose Notice of Entry of Appearance as Attorney or Representative Before the Immigration Court (Form EOIR-28) is attached.

6. I have been advised that by signing this Stipulation, I will be giving up the following legal rights and privileges:

a) the right to require the government to prove I am removable from the United States;

b) the right to have a hearing before an Immigration Judge who would review my case and inform me if I may be eligible to apply for any relief from removal;

c) the right to question any witnesses presented by the government, and to present witnesses on my behalf;

d) the right to present evidence and object to evidence presented by the government;

e) the right to have all removal hearings before the Immigration Judge recorded; and

f) the right to appeal the Immigration Judge's decision.

I understand each of the above rights, and I waive these rights.

7. I do not want to have a hearing before an Immigration Judge to contest my removability. I request that the Immigration Judge issue a written order of removal without a hearing. I understand that the Immigration Judge, upon confirming that my waivers were knowing and, will only review this Stipulation and any other documents in my immigration court record. I understand that the Immigration Judge's written order of removal will be final.

8. I admit that all of the factual allegations contained in the Notice to Appear are true and correct. I also agree that I am removable as charged on the Notice to Appear.

9. I am not a citizen of the United States. I am a citizen of __________________. My father is a citizen of _________________. My mother is a citizen of _________________. I do not claim United States citizenship or nationality. I have not filed an application for naturalization.

10. How long have you resided in the United States? ________________________

11. I am (choose one):
   a. Married ___
   b. Single ___
   c. Divorced ___
   d. Widowed ____

12. (Only if married or widowed) My spouse's immigration status is/was:
   a. U.S. Citizen ___
   b. Lawful permanent resident ___
   c. Other (please specify) ______________________________________________________.
   d. My spouse does not have an immigration status ___

13. I have ___ children (indicate number of children).

14. (Only if the respondent has children) My child's/children's' names, ages, location(s) and immigration status(es) is (are):

| Name of Child | Age | Place of Birth | Location of Child | Immigration Status |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

15. ___ I have siblings who are U.S. Citizens.
___ I do not have any U.S. Citizen siblings.

(Only if you have siblings who are U.S. Citizens) Have any of your U.S. Citizen siblings filed a petition for a visa on your behalf and when (indicate year)? ________________________

16. Has your employer obtained a labor certification or filed a petition for a visa on your behalf?________________________.

17. I choose _________________ as the country designated for my removal.

18. I have no fear of harm of any kind if I return to that country, and do not wish to apply for asylum, withholding of removal, or protection under the Convention Against Torture.

19. I do not wish to apply for any other relief from removal. I understand that such other relief could include voluntary departure, adjustment of status, change of status, cancellation of removal, or registry. I understand that, by signing this written request, I will be giving up the right to a hearing in which the Immigration Judge will review my case and inform me if I may be eligible to apply for any relief from removal.

20. The box I checked below indicates my current immigration status. (Check "A" or "B")

☐ A. I am not a lawful permanent resident of the United States.

(or) *(o)*

☐ B. I am a lawful permanent resident of the United States. I understand that by signing this written request I will no longer have lawful permanent resident status. I understand that by giving up my lawful permanent resident status it is possible that I may never be able to become a lawful permanent resident again.

21. I agree that this Stipulation will be made part of the record for the Immigration Judge to review.

22. I understand that I have the right to appeal the Immigration Judge's written order of removal. I also understand that I might even qualify to appeal for free. I knowingly and willingly waive the right to appeal. I understand that the Immigration Judge's written order of removal will be final.

23. I understand that it is possible I will not be allowed to return to the United States for 5 or 10 years, or even possibly for 20 years. I also understand that it is possible I will never be allowed to return to the United States.

24. I understand that if I return to the United States without permission I could be removed again. I also understand that by returning or attempting to return without permission, I could be criminally prosecuted and sentenced to up to 20 years in prison.

25. I understand this Stipulation because: (Check "A" or "B" or "C")

☐ A. This Stipulation was read to me in ______________, a language that I fully understand.

(or) *(o)*

☐ B. I read this Stipulation without assistance because I am capable of reading and understanding English.

(or) *(o)*

☐ C. I read this Stipulation without assistance because I am capable of reading and understanding Yemeni Arabic.

I fully understand and accept the consequences that will result from signing this Stipulation. I also understand that if I sign this Stipulation, I will be removed from the United States if an Immigration Judge signs a final order of removal. I voluntarily, knowingly, and intelligently submit this request for an order of removal, as demonstrated by my initials on each page and my signature.

26. I certify that the information I have provided in this Stipulation is all true and correct. I understand that, if any of the information I have provided in this document is false, I may be criminally prosecuted for perjury. I also understand that I may be criminally prosecuted for making a false statement to a United States official if any of the information I have provided is false or intentionally misleading. I understand that, if I am convicted of either of these offenses, I could be fined and sentenced to up to five years in prison.

Initials/Iniciales___________

__________________________
Date

__________________________
Respondent

Initials/Iniciales___________

CERTIFICATION OF IMMIGRATION OFFICER (IF APPLICABLE)

I, ______________________________, hereby certify that on ____________, I read this Stipulation to the respondent in its entirety in the (English/Yemeni Arabic) language (circle one).

-or-

I, ______________________________, hereby certify that on ____________, I read this Stipulation in its entirety to the respondent in the (English/Yemeni Arabic) language (circle one). A telephonic interpreter identified as ______________________________, certified in (English/Yemeni Arabic) (circle one) and the ____________________language, interpreted for the respondent from (English/Yemeni Arabic) (circle one) into the ____________________ language.

-or-

I ______________________________, hereby certify that on ____________, the respondent stated to me that (he/she) (circle one) read the entire Stipulation in the (English/Yemeni Arabic) language (circle one). I determined that the respondent could read (English/Yemeni Arabic) (circle one) by having the respondent read to me paragraphs 3, 4, 6, and 10 of this Stipulation in (English/Yemeni Arabic) (circle one).

____________________ ______________________________

(Date) (Signature of Immigration Officer)

______________________________

(Printed Name and Title)

CERTIFICATION OF IN-PERSON INTERPRETER (IF APPLICABLE)

I, ______________________________, am competent to translate and interpret from (English/Yemeni Arabic) (circle one) into the ______________________________ language and I certify that I have read this Stipulation to the respondent in its entirety in the ______________________________ language

____________________ ______________________________

(Date) (Signature of Interpreter)

______________________________

(Printed Name and Title)

CONCURRENCE OF DHS ATTORNEY

The respondent's alien registration file and the attached documents have been reviewed and do not reflect that the respondent has filed a claim to United States citizenship or nationality, that the respondent has an application for legalization under sections 210 or 245A of the Immigration and Nationality Act pending, or that a visa petition has been approved on the respondent's behalf. The Department of Homeland Security (DHS) therefore concurs with the respondent's request pursuant to 8 C.F.R. § 1003.25(b) that the Immigration Judge issue a written order of removal without holding a hearing and waives its right to appeal.

(Date) (Signature of DHS Attorney)

(Printed Name and Title)

CONCURRENCE OF RESPONDENT'S ATTORNEY/REPRESENTATIVE (IF APPLICABLE)

I have discussed this Stipulation with the respondent. I have read the respondent's statements and representations and concur that the facts and admissions contained in this Stipulation are true and correct. The respondent will accept a written order of removal as a final disposition of these removal proceedings and waives the right to appeal. The respondent's decision to accept the order of removal and waive the right to appeal is done voluntarily, knowingly and intelligently, in full understanding of the consequences.

(Date) (Signature of Respondent's Attorney or Representative)

(Printed Name)